UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

JAMES DUNAWAY and )
PAMELA DUNAWAY, Individually; )
and as Parents and Natural Guardians of )
C.D. and O.D., their minor children, )
)
                   Plaintiffs, )
)
               v. )     3:11-cv-49-RLY-WGH
)
ESTATE OF LARRY K. AIKEN, DECEASED, )
by and through SUZANNE AIKEN, )
Surviving Spouse and Personal Representative; )
and AIKEN MANAGEMENT, LLC, )
)
                   Defendants. )

**ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS**

      This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Plaintiffs' Motion for Sanctions filed on November 17, 2011. (Docket No. 24). Defendants filed their Response in Opposition to Plaintiffs' Motion for Sanctions on December 1, 2011. (Docket No. 28). No reply brief has been filed.

      Plaintiffs filed the instant motion seeking sanctions (including an award of attorney fees and costs associated with attendance at a court-ordered settlement conference) for Defendants' failure to have the proper insurance representative available at the settlement conference. For the reasons outlined below, the Magistrate Judge finds that Plaintiffs' Motion for Sanctions should be denied.

On June 28, 2011, the Magistrate Judge entered an Order on Case Management Plan. Within it is the Magistrate Judge's standing order concerning settlement conferences, which explains:

> Unless excused by order of the court, clients or client representatives with complete authority to negotiate and consummate a settlement shall attend the settlement conference, in person, along with their counsel. This requires the presence of each party, or the authorized representative of each corporate, governmental, or other organizational entity. For a defendant, such representative must have final settlement authority to commit the organization to pay, in **the representative's own discretion**, a settlement amount up to the plaintiff's prayer, or up to the plaintiff's last demand, whichever is lower.

(Docket No. 18)(emphasis in original). On November 16, 2011, the parties appeared before the Magistrate Judge for a settlement conference pursuant to the Magistrate Judge's Order on Case Management Plan. Prior to the settlement conference, Plaintiffs' most recent demand had been $1,000,000. (Motion for Sanctions ¶ 2). Defendants had made an offer to settle the case for $89,649.51. (*Id.*).

The question is whether Defendants complied with the Magistrate Judge's Order on Case Management Plan by having available a decision maker at the settlement conference (either in person or via telephone) who could independently change his/her mind and increase the Defendants' offer, if he/she so chose. As has previously been explained in the Magistrate Judge's Order on Settlement Conference, the answer appears to be no:

> It appears to the Magistrate Judge that the insurance carrier for Defendant Aiken Management, Inc., did not attend this conference by a person who was in compliance with the court's order; that is, the person who attended had a preordained limit of authority which could not be reasonably expected to settle the claim, and he had no authority to, in his own discretion, offer any additional amount. (Specifically, an offer to settle by the Defendants had been made well in advance of the settlement conference, and the person who attended the conference could not change that offer). The Plaintiffs, who are residents of Chicago and were required to make a 300-mile trip to the settlement conference, appeared at the conference prepared to negotiate a settlement. However, the representative who was present for Defendant Aiken Management had no authority to increase his offer at all *in his own discretion.* The Auto Owners' representative who had actual authority to resolve the matter was not present during the presentations that the parties made concerning settlement and was not subject to the dialogue engaged in during the conference.

(Docket No. 25)(emphasis in original).

Litigation in federal court can become a very costly venture, and part of the court's responsibility in marshaling the parties through the litigation process is to help the parties limit their litigation expenses. To that end, Rule 16 of the Federal Rules of Civil Procedure allows the court to schedule pretrial conferences for several purposes including "facilitating settlement." Furthermore, Rule 16(c) explains that "[i]f appropriate, the court may require that a party or its representative be present or reasonably available by other means to consider possible settlement."

Clearly, the court may not force a party to settle, and it is perfectly proper to choose not to settle a case. However, court-ordered settlement conferences are serious attempts to settle claims and are intended to convey information

helpful and important to the ultimate decision makers. The parties who attend settlement conferences owe it to each other and the court to take these conferences seriously. Our orders, therefore, require people with actual authority to settle the case to be present in person and to actively participate in the decision. The person who attends must be able to listen to the other side and the court's information and consider whether the preordained position on settlement remains sound or whether it should be modified. Under special circumstances, with the consent of the opposing party and permission from the court, a party may appear by telephone. A party's failure to have the right person appear at the settlement conference (either in person or by telephone) renders the settlement conference a failure, because the party that is not present cannot give serious consideration to settlement.

What can the court do to help avoid those situations where a party does not treat a settlement conference seriously? Rule 16(f) permits an award of sanctions if the court finds that a party failed to appear at a settlement conference, was unprepared or participated in bad faith at the conference, or failed to obey the court's order concerning the conference. *See also, G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653-54 (7th Cir. 1989)(en banc)(upholding sanctions against a party that violated a court order by failing to appear at a settlement conference).

While this is a very close call, and in most similar circumstances, the Magistrate Judge would award sanctions, it appears that sanctions are not

warranted in this instance. Prior to the settlement conference, the parties conducted an informal conference pursuant to Rule 16.1(c) of the Local Rules of the Southern District of Indiana. During that conference, they agreed that Defendants would have one insurance representative available in person who would not have authority to settle the claim up to Plaintiff's most recent demand, but that a second insurance representative would be available by telephone. There is, however, no record of the parties informing the court of this plan. The Order on Case Management Plan clearly and unequivocally states that the person with full settlement authority must attend the settlement conference in person "[u]nless excused by order of the court." Had the parties informed the Magistrate Judge of the fact that the person with full settlement authority was only available by telephone, that person would have been required to participate by telephone during the entirety of the settlement negotiations. Under those circumstances, we would not have had the situation that developed here where the person who should have been available by telephone was (according to Defendants) no longer available once it became time to contact her. As discussed previously by the Magistrate Judge, the failure to have the right person available during the settlement conference causes a breakdown in the negotiation process. Nevertheless, it does appear that, in this case, the parties agreed to this arrangement. And, after a review of the Magistrate Judge's notes for this settlement conference, it is unclear whether the Magistrate Judge ever questioned the parties about whether or not the insurance representative at the

settlement conference had full settlement authority.  Therefore, the Magistrate Judge declines to award sanctions under these circumstances.  However, the parties are urged, in the strongest terms possible, that they *must* obtain permission from the Magistrate Judge in advance for a party or insurance representative to appear by telephone.  An informal agreement between the parties will *not* suffice.  The Magistrate Judge expects that, in future dealings with the counsel involved in this case, he will not be left out of the decision to allow someone to appear by telephone.

The Plaintiffs' Motion for Sanctions is **DENIED.**

**SO ORDERED.**

**Dated:**  December 14, 2011

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Dwight Timothy Born
TERRELL BAUGH SALMON & BORN LLP
tborn@tbsblaw.com

Neil B. Chapman
neilchapman@mac.com